## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SESAMI CASH MANAGEMENT TECHNOLOGIES CORP., a Delaware Corporation; and ARCA. TECH SYSTEMS, LLC, a New Jersey limited liability company;** | § § § § § § | |
| *Plaintiffs,* | § § § | **Civil Action No.** |
| **v.** | § § § | |
| **CENNOX, INC., a Montana Corporation** | § § | |
| *Defendant.* | § | |

### NOTICE OF REMOVAL OF DEFENDANT CENNOX, INC.

PLEASE TAKE NOTICE that Cennox, Inc. ("Cennox"), by and through its counsel, hereby removes to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332 and 1441 and Local Rule 81.1. As grounds for this removal, Cennox[1] states as follows:

### I.    PROCEDURAL BACKGROUND

1.    On or about February 23, 2024, Plaintiffs Sesami Cash Management Technologies Corp. ("Sesami") and ARCA Tech Systems, LLC ("ARCA," and together with Sesami, the "Plaintiffs") commenced an action against Cennox, Cause No. DC-24-03029-J, *Sesami Cash Management Technologies Corp. v. Cennox, Inc.*, in the 191st Judicial District Court of Dallas County, Texas (the "State Court Action").

2.    On March 4, 2024, Cennox agreed to accept service via email.

---

[1] Defendant Cennox specially appears, subject to and without waiving its ability to assert any defense to this action, including its right to move to dismiss based on lack of personal jurisdiction or improper venue.

3.      Accordingly, this Notice of Removal is timely filed within the thirty days allotted for removal by 28 U.S.C. § 1446(b).

4.      In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, a complete copy of the state court file is attached hereto. The Original Petition (attached hereto as Exhibit 1) and Citation (attached hereto as Exhibit 2) constitute all process, pleadings, and orders served on Cennox to date. A completed civil cover sheet is attached hereto as Exhibit 3. A supplemental civil cover sheet is attached hereto as Exhibit 4. An index clearly identifying and indicating the date of filing for each document filed in the State Court Action is attached hereto as Exhibit 5. A copy of the docket sheet in the State Court Action is attached hereto as Exhibit 6. And a separately signed certificate of interested persons that complies with Local Rule 3.1(c) is attached hereto as Exhibit 7.

## II.      DIVERSITY JURISDICTION

5.      Complete diversity exists in this action because Sesami and ARCA are citizens of different states from Cennox.

6.      The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey* Wolf *Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identify its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).

7.      Based on information and belief following diligent investigation, ARCA, both at the time the Original Petition was filed and now, is a limited liability company organized under the laws of New Jersey with its principal place of business located in North Carolina. *See* Ex. 1

¶ 6. Further information about its members and their citizenship status is unavailable despite diligent investigation. Thus, based on information and belief following diligent investigation, both at the time the Original Petition was filed and now, ARCA is a citizen of New Jersey and North Carolina for purposes of diversity jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015).

8.      A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the center of overall direction, control, and coordination," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

9.      Sesami, both at the time the Original Petition was filed and now, is a Delaware corporation with headquarters and a manufacturing facility in Texas. *See* Ex. 1 ¶ 5. Thus, Sesami, both at the time the Original Petition was filed and now, is a citizen of Delaware and Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 96.

10.     Cennox, both at the time the Original Petition was filed and now, is a Montana corporation with its principal place of business in Georgia. *See* Ex. 1 ¶ 7. Cennox is qualified to do business in Texas but does not maintain a principal place of business in Texas. *See id.* Thus, Cennox, both at the time the Original Petition was filed and now, is a citizen of Montana and Georgia for purposes of diversity jurisdiction. *See id.*; 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 96.

11.     As there are no other defendants in this action, no other party need join or consent to this Notice of Removal. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("as a general rule, removal requires the consent of all co-defendants").

12.    The amount in controversy also exceeds $75,000, exclusive of interests and costs. The amount in controversy is determined based on the complaint from which the removal is taken and at the time such complaint was filed. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). In their Original Petition, Plaintiffs "seek nonmonetary relief as well as monetary relief over $1,000,000.00." Ex. 1 ¶ 10. Accordingly, the amount in controversy requirement is satisfied.

13.    Because the matter in controversy exceeds $75,000, and complete diversity exists between Sesami, ARCA, and Cennox, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is therefore removable pursuant to 28 U.S.C. § 1441(a).

### III.    ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

14.    In addition to demonstrating that this removal is timely, and that diversity jurisdiction exists, Cennox has satisfied all other requirements for removal.

15.    Removal to Proper Court. Removal to this Court is proper because this Court is part of the "district and division embracing the place where" the State Court Action was filed—Dallas County, Texas. 28 U.S.C. § 1441(a).

16.    Forum Defendants. Cennox is a citizen of Montana and Georgia. Removal to this Court therefore is proper because none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

17.    Pleadings and Process. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibits 1 and 2 are copies of "all processes, pleadings, and orders served upon" and by Plaintiffs. Pursuant to Local Rule 81.1, the completed civil cover sheet is attached hereto as Exhibit 3. A supplemental civil cover sheet is attached hereto as Exhibit 4. An index clearly identifying and

indicating the date of filing for each document filed in the State Court Action is attached hereto as Exhibit 5. A copy of the docket sheet in the State Court Action is attached hereto as Exhibit 6. And a separately signed certificate of interested persons that complies with LR 3.1(c) is attached hereto as Exhibit 7.

18.     <u>No Admission</u>. In filing this Notice of Removal, Cennox does not concede and explicitly denies Plaintiffs' substantive allegations and denies causing any of the harm alleged in the Original Complaint.

19.     <u>Defenses</u>. The removal of this action to the Northern District of Texas does not waive Cennox's ability to assert any defense to this action, including its right to move to dismiss based on lack of personal jurisdiction, improper venue, *forum non conveniens*, or any other defense of all of Plaintiffs' claims.

20.     <u>Notice to Parties and State Court</u>. Pursuant to 28 U.S.C. § 1446(d), in addition to serving a copy of this Notice of Removal upon Sesami and ARCA, Cennox is filing notice in the 191st Judicial District Court of Dallas County, Texas and serving upon Sesami and ARCA a separate document titled "Notice of Defendant Cennox's Filing Notice of Removal to Federal Court."

WHEREFORE, Defendant Cennox respectfully requests that this action pending in the 191st Judicial District Court of Dallas County, Texas be removed in its entirety to this Court.

Dated: March 19, 2024                    By:   /s/ Margaret Hope Allen
                                               Margaret Hope Allen
                                               Texas Bar No. 24045397
                                               mallen@sidley.com
                                               SIDLEY AUSTIN LLP
                                               2021 McKinney Avenue, Suite 2000
                                               Dallas, TX 75201
                                               Telephone: (214) 969-3506

*Attorneys for Defendant Cennox, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal was

served on the following counsel of record using the CM/ECF system and via email on March 19,

2024:

HOLLAND & KNIGHT LLP
Matther Zimmerman
Seth J. Welner
777 South Flagler Drive, Suite 1900
West Palm Beach, FL  33401
Telephone:     561-833-2000
Facsimile:     561-650-8399

        -and-


HOLLAND & KNIGHT LLP
Sara Schretenthaler Staha
Jordan T. Koenig
1722 Routh Street, Suite 1500
Dallas, TX  75201
Telephone:     214-964-9500
Facsimile:     214-964-9501

                              By:    /s/ Margaret Hope Allen
                                     Margaret Hope Allen